Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors, to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

---

PEOPLE ex rel. McALLISTER STEAMBOAT CO., Applt., v. LAWSON PURDY et al., Respts. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Order affirmed, with costs. No opinion. Order filed.

---

PEOPLE ex rel. Thomas F. McGILVRAY and ano., Rel., v. George H. BELL, as Com'r, Respt. (Supreme Court, Appellate Division, First Department. February 18, 1916.) Writ dismissed, and proceedings affirmed, with $50 costs and disbursements. No opinion. Order filed.

---

PEOPLE ex rel. NEW YORK, WESTCHESTER & BOSTON RAILWAY CO., Respt., v. Frederick H. EBSTEIN, Receiver of Taxes, etc., Applt. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

---

The PEOPLE, etc., ex rel. Wilbur O. POLHEMUS, relator, v. Charles HAGENDORF et al., constituting the Board of Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

---

The PEOPLE, etc., ex rel. Michael QUILLINAN, relator, v. Rhinelander WALDO, as Police Commissioner of the City of New York, respondent. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Writ dismissed, and determination confirmed, with $50 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Stapleton, Mills, and Rich, JJ., concur.

---

The PEOPLE, etc., ex rel. SANBORN MAP COMPANY, respondent, v. Peter CEDER, as president, etc., et al., appellants. (Assessments of 1913, 1914 and 1915.) (Supreme Court, Appellate Division, Second Department. January 19, 1916.) Motions to dismiss appeals granted, with $10 costs in each case.

---

PEOPLE ex rel. William J. SHEARER v. Michael F. BLAKE et al. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Motion granted, unless appellant complies with terms stated in order. Order filed.

---

The PEOPLE, etc., ex rel. W. Parker SMITH, relator, v. Charles HAGENDORF et al., constituting the Board of Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

---

The PEOPLE, etc., ex rel. Adolph D. TURNAU, relator, v. Charles HAGENDORF, et al., constituting the Board of Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

---

The PEOPLE, etc., ex rel. Edward M. UNDERHILL, respondent, v. Charles L. PHIPPS, as Comptroller of the County of Nassau, appellant. (Supreme Court, Appellate Division,